**U.S. Department of Justice**

Civil Division, Federal Programs Branch

---

Jason C. Lynch                                            Tel.: (202) 514-1359
Trial Attorney                                   E-mail: Jason.Lynch@usdoj.gov

March 5, 2020

The Honorable Paul W. Grimm
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

     Re:    *CASA de Maryland v. Trump*, No. 8:19-cv-02715-PWG (D. Md.)
           *Gaithersburg v. DHS*, No. 8:19-cv-02851-PWG (D. Md.)

Dear Judge Grimm:

     Pursuant to your February 28 Paperless Order in *Gaithersburg* (No. 8:19-cv-02851, ECF No. 49), Defendants hereby respond to the notifications of discovery disputes in both cases. *See* Pls. Letter, No. 8:19-cv-02715-PWG, ECF No. 100 (the "*CASA* Letter"); Pls. Letter, No. 8:19-cv-02851, ECF No. 48 (the "*Gaithersburg* Letter").

#### A.    Judicial economy favors holding plaintiffs' requests in abeyance

     As a matter of judicial economy, the Court should table these issues. Defendants' motion to stay both cases is still pending.[1] The Fourth Circuit will hear oral argument on the appeal from this Court's preliminary injunction less than one week after the telephonic conference on these issues. The Seventh Circuit heard oral argument on February 26, and the Second Circuit heard oral argument on March 2.

     The Supreme Court has also twice granted applications to stay injunctions entered in similar public-charge cases.[2] By granting those stays, the Supreme Court necessarily found: (1) "a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari"; (2) "a fair prospect that a majority of the Court will conclude that the decision below was erroneous"; and (3) "a likelihood that irreparable harm will result from the denial of a stay." *Conkright v. Frommert*, 556 U.S. 1401, 1402 (2009) (Ginsburg, J., in chambers) (brackets, citation, and internal quotation marks omitted). With these cases percolating in four U.S. Circuit Courts of Appeals—including the appeal in this case—and potentially bound for the Supreme Court, it makes little sense to continue litigating here, including over the discovery issues below.

---

[1] No. 8:19-cv-02715, ECF No. 84. The Court made clear that this motion would be treated as a motion to stay both cases. *See* Defs. Reply, No. 8-19-cv-02715, ECF No. 92, at 1 n.1.

[2] *See Wolf v. Cook Cnty, Ill.*, -- S. Ct. --, No. 19A905, 2020 WL 85879 (Feb. 21, 2020); *DHS v. New York*, 140 S. Ct. 599 (2020).

**B.    Should the Court address the disputes raised by Plaintiffs, it should deny the requests on their merits.**

Much of this dispute is driven by a misunderstanding of the nature and scope of judicial review in challenges to agency action under the Administrative Procedure Act ("APA"). Plaintiffs contend that intra- and inter-agency communications are part of the Administrative Record ("AR") "absent the assertion of a valid privilege and the production of a privilege log setting forth, with particularity, the basis for the invocation of any such privilege." *CASA* Letter at 1. That is not the law.

### 1.    The nature and scope of the administrative record

APA review is focused on the agency *decision*, not the *process* leading to that decision. *See Tafas v. Dudas*, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008) (APA review is of the "agency's stated justification, not the predecisional process that led up to the final, articulated decision"). It is "not the function of the court to probe the mental processes" of the agency decisionmaker in conducing administrative review. *Morgan v. United States*, 304 U.S. 1, 18 (1938). Accordingly, "agency officials should be judged by what they decided, not for matters they considered before making up their minds." *Nat'l Sec. Archive v. CIA*, 752 F.3d 460, 462 (D.C. Cir. 2014). And the "principle that judges review administrative action on the basis of the agency's *stated* rationale and findings . . . is well-established." *Deukmejian v. Nuclear Regulatory Com.*, 751 F.2d 1287, 1325 (D.C. Cir. 1984) (emphasis in original).

Courts presume that the AR designated and certified by the agency is the record on which the agency rested its decision, and is thus the exclusive record for judicial review. *Sanitary Bd. of Charleston, W. Va. v. Wheeler*, 918 F.3d 324, 334 (4th Cir. 2019) (citing *Fla. Light & Power Co. v. Lorion*, 470 U.S. 729, 744 (1985)). "The reason for this presumption is that the record before the agency typically contains the information it should have considered and reflects the decisional process that it followed." *Id.*

### 2.    Deliberative materials are, by definition, not part of the record

"The Fourth Circuit has not directly spoken on the issue of whether predecisional deliberative materials are part of the administrative record. However, the only federal appellate court to squarely rule on the issue has held that such materials are not part of the record and do not need to be disclosed, whether by content or by privilege log." *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, No. 2:17-CV-3412, 2020 WL 858599, at *3 (D.S.C. Feb. 21, 2020) (citing *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (reaffirming that, "absent a showing of bad faith or improper behavior, '[a]gency deliberations not part of the record are deemed immaterial.'") (quoting *In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279, 1280 (D.C. Cir. 1998))).[3] The court in *S.C. Coastal* denied the plaintiff's argument "that the

---

[3] The D.C. Circuit is not alone. With the exception of vacated or reversed decisions, the circuit courts that have addressed the issue have all concluded that the administrative record does *not* include deliberative and privileged materials. *See, e.g.*, *In re DOD & EPA Final Rule: Clean Water Rule: Definition of "Waters of the United States,"* No. 15-3751, 2016 U.S. App. LEXIS 18309, at *5 (6th Cir. Oct. 4, 2016); *Portland Audubon Society v. Endangered Species Comm.*,

administrative record is generally incomplete due to the alleged exclusion of an unspecified set of internal, predecisional materials." 2020 WL 858599, at *4. In another example, an APA plaintiff argued that the AR was "devoid of any internal USPTO email, correspondence, summaries, drafts, work in progress or analysis." *Tafas v. Dudas* 530 F. Supp. 2d 786, 796 (E.D. Va. 2008). But the court rejected that challenge, rightly holding that those "are prime examples of deliberative materials that are immaterial as a matter of law and need not be included in the administrative record." *Id.* at 796-97.

This sensible rule, embraced by the overwhelming majority of courts, is premised on two independent rationales. First, it is "not the function of the court to probe the mental processes" of the agency. *Morgan*, 304 U.S. at 18. That is why an "agency's action must be upheld, if at all, *on the basis articulated by the agency itself*." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) (emphasis added). Second, excluding deliberative materials from the administrative record "prevent[s] injury to the quality of agency decisions" by encouraging uninhibited and frank discussion of legal and policy matters. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975).

### 3.      The deliberative-process *privilege* is a distinct legal concept

Given that deliberative materials do not belong in the AR to begin with, Plaintiffs' focus on the deliberative-process *privilege* is both misguided and misleading.[4] The deliberative materials in this case have been excluded, not because they are privileged, but because they are *per se* "immaterial" in an APA case. *S.C. Coastal*, 2020 WL 858599, at *4; *Tafas*, 530 F. Supp. 2d at 796-97.[5] On this basis, the Court can dispense with several of Plaintiffs' arguments.

First, the distinction between *inter-* and *intra-*agency deliberations is irrelevant. Plaintiffs cite two district-court decisions for this proposition. *CASA* Letter at 2. And indeed, one simply cites the other. *See S.C. Coastal*, 2020 WL 59828, at *3 (citing only *Ctr. for Biological Diversity v. Zinke*, No. 3:18-cv-64-SLG, 2018 WL 8805325, at *4 (D. Ala. Nov. 16, 2018)). More than that, the *Center for Biological Diversity* opinion cites *no* authority for the proposition it adopts: "When an agency obtains and considers materials from outside of that agency, or shares the agency's documents with others outside the agency, including other governmental agencies, the deliberative process privilege does not apply. All such materials should be included within the

---

984 F.2d 1534, 1549 (9th Cir.1993); *Town of Norfolk v. Army Corps of Eng'rs*, 968 F.2d 1438, 1455-58 (1st Cir. 1992); *Madison Cty. Bldg. & Loan Ass'n v. Fed. Home Loan Bank Bd.*, 622 F.2d 393, 395 n.3 (8th Cir. 1980); *see also Nat'l Nutritional Foods Ass'n v. Mathews*, 557 F.2d 325, 333 (2d Cir. 1977). District courts within the Fourth Circuit have frequently followed this majority rule. *See, e.g.*, *S.C. Coastal*, 2020 WL 858599; *Tafas*, 530 F. Supp. 2d at 796-97.

[4] Tellingly, several of the cases relied on by Plaintiffs are not even APA cases. *E.g.*, *Cipollone v. Liggett Grp. Inc.*, 812 F.2d 1400 (table), 1987 WL 36515, at *2 (4th Cir. Feb. 13, 1987). Thus, for example, *Cipollone*'s four-part test finds no application here. *Id.*

[5] This is not to say that the documents are not privileged. If the Court were to hold that deliberative materials were relevant, Defendants may still invoke the privilege.

administrative record." 2018 WL 8805325, at *4.[6] And the court's reference to the "privilege" demonstrates the confusion that has sometimes taken hold in these cases.[7]

Ultimately, then, Plaintiffs' argument rests atop a house of cards. It can be traced to one, unpublished opinion from an out-of-circuit district court, which in turn cited no authority for its conclusion. That conclusion, suffice it to say, was wrong. Whether or not the deliberative-process privilege is undermined when an agency shares information externally,[8] the basis for excluding it from APA review is not. Again, the role of the Court is to review the agency's *decision*, not its *process*. *See supra* § B.1. The process is equally irrelevant whether it is internal or external, and Plaintiffs cite no meaningful authority to the contrary.

Second, unlike in the privilege setting, the relevant question for APA purposes is not whether the excluded deliberative materials contain factual information that can be segregated. Rather, the question is whether those facts are already in the record. Plaintiffs believe it "strains credulity" that factual material in the deliberations would already exist in the AR. But that record comprises 380,287 pages of materials (plus ten large Excel files produced natively) including: public comments; rulemaking and Federal Register documents; sources from DHS and other agencies such as the Department of Health and Human Services, the Department of State, the Bureau of Labor Statistics, the Federal Trade Commission, the Census Bureau, the Department of Housing and Urban Development, the Internal Revenue Service, the Department of Labor, and the Social Security Administration; numerous secondary sources, including articles, dictionaries, and websites; materials relating to meetings between DHS and outside groups concerning the Rule, and nearly 200 raw data files. Merely "theorizing that [additional] documents *may* exist[] fails to overcome the presumption that the record is complete." *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 371 (D.D.C. 2007). Even assuming some minor omission, the AR need not "reflect every informational input that may have entered the decisionmaker's deliberative process." *Action for Children's Television*, 564 F.2d 458, 477 (D.C. Cir. 1977).

Third, because the documents are not being withheld on the basis of *privilege*, no

---

[6] In a footnote, the court suggested that the D.C. Circuit had "singled out intra-agency communications for protection in the context of the deliberative process privilege." *Id.* n.31 (citing *Checkosky v. SEC*, 23 F.3d 452, 489 (D.C. Cir. 1994)). But there were no *inter*-agency records at issue in that case. *See Checkosky*, 23 F.3d at 489. Thus, there was no basis for the district court to infer from the term "intra-agency" that the D.C. Circuit meant to "single out" that category of documents, to the exclusion of inter-agency records.

[7] For example, in *Tafas*, the district court opened by suggesting that the AR "does not include *privileged* materials, such as documents that fall within the deliberative process *privilege*." 530 F. Supp. 2d at 794 (emphasis added). But in the very next sentence, the court cited the D.C. Circuit for the (correct) proposition that deliberative materials "are never included in the record" to begin with. *Id.* (citing *Norris & Hirshberg v. SEC*, 163 F.2d 689, 693 (D.C. Cir. 1947)). Thus, although some courts have referred to the "privilege" when defining the scope of the record, it is clear that deliberations are excluded, not because they are privileged, but because they are irrelevant to the Court's task of reviewing the agency's *decision*. *See supra* § B.2.

[8] Though irrelevant for present purposes, "The deliberative process can . . . span between two different agencies." *Hunton & Williams LLP v. EPA*, 248 F. Supp. 3d 220, 247 (D.D.C. 2017).

privilege log need be produced. *E.g.*, *S.C. Coastal*, 2020 WL 858599, at *3 (citing *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("predecisional and deliberative documents 'are not part of the administrative record to begin with,' so they 'do not need to be logged as withheld from the administrative record'")). *Contra CASA* Letter at 3.[9]

Finally, the foregoing shows why the *Gaithersburg* Plaintiffs' "additional points" are unavailing. *Gaithersburg* Letter at 1-2. First, the FOIA context is not "analogous," *id.* at 1, because, unlike under APA review, requested records must be produced under FOIA unless the agency can establish that they are exempt. Plaintiffs "appear[] to confuse the administrative record—the record the agency relied upon in its final action—with FOIA's emphasis on every scrap of paper that could or might have been created." *TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D.D.C. 2002). Second, unlike in the FOIA context, the government does *not* bear the burden of demonstrating any such privilege. *Contra Gaithersburg* Letter at 2 (citing a FOIA case, *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1248-50 (4th Cir. 1994)). Once again, Plaintiffs rely on precedent that has no application here. The law, set forth above, is that agencies are entitled to a presumption that the certified record is complete. And because Defendants have not yet had to invoke the privilege, and have instead excluded the documents on the basis of relevance, there is no burden to sustain any privilege.

### 4.    Invoking the agency's "intent" is insufficient

Raising the specter of agency "intent" is not a talisman that expands APA review beyond the administrative record. *Contra CASA* Letter at 3. If it were, then every APA plaintiff would allege "intent to discriminate," *id.*, and the concept of record review would disappear altogether.

Importantly here, Plaintiffs offer no facts in support of their speculation that the agency acted with intent to discriminate. "[M]ere allegations of 'bad faith' are inadequate to overcome the presumption that government officials have acted 'properly and in good faith.'" *Tafas*, 530 F. Supp. 2d at 797. Rather, Plaintiffs must make a "strong showing of bad faith or improper behavior." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573-74 (2019). They have not begun to do so here, particularly considering the well-supported, non-discriminatory justifications in the administrative record.

---

[9] Plaintiffs' support to the contrary is an obscure, unpublished order, issued by the Fourth Circuit without opinion. *CASA* Letter at 3 (citing Order, *Defenders of Wildlife v. U.S. Dep't of Interior*, No. 18-2090 (4th Cir. Feb. 5, 2019)). But even in that case, the Fourth Circuit only ordered the government to "submit a privilege log in the event the Government withholds any documents *under the guise of the deliberative process privilege* (or any other privilege)." *Id.* (emphasis added). The government had argued previously that "deliberative materials are not part of the administrative record as matter of law." Br. in Opp'n at 14, No. 18-2090 (4th Cir. Jan. 4, 2019) (collecting cases). Thus, when it submitted a supplemental appendix, the government did not withhold any documents under the deliberative process privilege. Mot. to Compel at 4, No. 18-2090 (4th Cir. Mar. 20, 2019). When petitioners *again* moved to compel completion of the AR, that motion was denied. Order, No. 18-2090 (4th Cir. Mar. 29, 2019). The ultimate opinion in *Defenders of Wildlife* makes no mention of deliberative materials, the deliberative process privilege, or privilege logs. *See generally* 931 F.3d 339 (4th Cir. 2019). This case does not help Plaintiffs, nor does it nearly outweigh cases to the contrary, *e.g.*, *Oceana*, 920 F.3d at 865.

Sincerely,

*Jason C. Lynch*

Jason C. Lynch